[Cite as *Hadler v. Thompson*, 2018-Ohio-1072.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dorothea A. Hadler, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-578 |
| | | (C.P.C. No. 14CVE11-11708) |
| Russell Dennis Thompson, Jr. et al., | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| (Woods Cove III, LLC, | : | |
| Defendant-Appellant). | : | |

# D E C I S I O N

## Rendered on March 23, 2018

**On brief:** *Bailey Cavalieri LLC, Nick V. Cavalieri* and *Matthew T. Schaeffer*, for appellee Dorothea A. Hadler. **Argued:** *Michael T. Schaeffer.*

**On brief:** *Sandhu Law Group, LLC, David T. Brady* and *Brian S. Gozelanczyk*, for appellant. **Argued:** *Brian S. Gozelanczyk.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Woods Cove III, LLC, is appealing from the denial of its motion seeking partial relief from the judgment rendered against it. It assigns a single error for our review:

> The trial court erred as a matter of law and committed reversible error when it denied Appellant's Motion for Partial Relief From Judgment filed May 26, 2017.

{¶ 2}  The trial court judge who handled this foreclosure action journalized a concise decision denying the relief sought by Woods Cove III, LLC:

> This matter is before this Court on Defendant's, Woods Cover [sic] III, LLC, Motion for Relief from Judgment, filed May 26, 2017. The Court will keep this simple. Defendant has not shown that it filed the present motion in a reasonable time, has not shown that it meets any section of Civ. R. 60(B) and has not shown that it possesses a meritorious defense. As such, Defendant's, Woods Cove III, LLC, motion is not well-taken, and is hereby DENIED.

{¶ 3}  The trial court's ruling heavily depends on the allegation that Woods Cove, after being served the foreclosure complaint, did not enter a formal appearance in the lawsuit.  As a result, when the property was sold following the judgment of foreclosure, the property was sold free of the tax liens Woods Cove had bought.

{¶ 4}  Counsel for Dorothea Hadler also points out that the tax certificates purchased by Woods Cove had a provision that the tax certificates were to expire after four years and the four years had passed before Woods Cove filed its motion for relief from partial judgment.

{¶ 5}  After careful review of the record, we find that the trial court properly found that Woods Cove did not pursue relief from judgment within a reasonable time.  We therefore overrule the sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____